IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA KINCANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-563-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Upon analysis of the issues presented under 42 U.S.C. § 405(g), Judge Bacharach recommends reversal of the Social Security Administration's decision denying Plaintiff's application for disability benefits, and remand to the agency with directions to award Plaintiff benefits. Defendant has timely objected. Thus, the Court must make a de novo determination of any portion of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Commissioner challenges only Judge Bacharach's recommendation regarding the appropriate remedy on remand. The sole issue raised by the objection is whether the Court should order further proceedings or an award of benefits. Review of all other issues is waived. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court"); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (affirming similar Sixth Circuit rule); *Key Energy Res., Inc. v. Merrill* (*In re Key Energy Res., Inc.*),

230 F.3d 1197, 1199-1200 (10th Cir. 2000) ("firm waiver rule" applies in counseled, civil cases regardless of the merits of the underlying case).

The Commissioner contends recent Tenth Circuit authority, *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006), establishes the appropriate factors for consideration in recommending an award of benefits. In *Salazar*, the court of appeals stated:

> Whether or not to award benefits is a matter of our discretion. Some of the relevant factors we consider are the length of time the matter has been pending, and whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.

*Id*. (internal citation and quotation omitted). The court in *Salazar* did not state a definitive list of factors to be considered but merely gleaned two relevant ones from prior cases, some of which are cited by Judge Bacharach. *See* Report & Recom. [Doc. 16] at 7-8 & n.25, *citing Sisco v. United States Dep't of Health & Human Serv.*, 10 F.3d 739, 746 (10th Cir. 1993); *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). Thus, the Court finds that although Judge Bacharach did not cite *Salazar,* he in effect considered the *Salazar* factors in his analysis.

Nevertheless, upon de novo review, the Court agrees with the Commissioner under the circumstances here this matter should be remanded for further administrative proceedings. Judge Bacharach correctly states that Plaintiff's application has been pending for five years and that the administrative law judge (ALJ) has already issued two legally insufficient decisions. The first decision, however, was recognized as insufficient by the agency during an administrative appeal, and the case was timely remanded to the ALJ for additional consideration. This case is not one, like *Sisco*, of repeated adjudications of a disability application for which the claimant "has exceeded what a claimant can legitimately be expected to prove to collect benefits under the Act." *Sisco*, 10 F.3d at 746. Nor is this case like *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993), also

cited by Judge Bacharach, in which the Commissioner has failed to show good cause for not adducing relevant evidence at the final step of the sequential analysis (where he bears the burden of proof).

Judge Bacharach finds the agency's decision to be deficient in this case because the ALJ failed to provide an adequate credibility analysis regarding Plaintiff's complaints of disabling pain and related symptoms.  Judge Bacharach further finds this legal error prevents judicial review of the ALJ's determination of "[t]he critical question[s] of the extent and duration of the pain and how it affected [Plaintiff's] ability to perform basic work activities." *See* Report & Recom. [Doc. 16] at 5. Under these circumstances, a remand for additional fact-finding and a correct application of the law would serve a useful purpose.  Therefore, the Court finds the case should be remanded for further proceedings rather than an award of benefits.

For these reasons, the Court declines to adopt Judge Bacharach's recommendation regarding the appropriate remedy on remand; in all other respects, however, the Court adopts the Report and Recommendation [Doc. 16].  As fully explained by Judge Bacharach at pages 2-7 of the Report and Recommendation, the Court finds the ALJ erred by providing an insufficient credibility analysis of Plaintiff's subjective complaints of disabling pain and related symptoms.  Therefore, the Commissioner's decision is REVERSED, and the case is remanded for further proceedings consistent with this Order and the Report and Recommendation.  Judgment will be entered accordingly.

IT IS SO ORDERED this 8th day of January, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE